CORMANY ET AL. *v.* THE CITY OF CINCINNATI
ET AL.
WEIMER ET AL. *v.* THE CITY OF CINCINNATI
ET AL.
YOUNG ET AL. *v.* THE CITY OF CINCINNATI ET AL.

*Injunction — Street improvements — Special assessments — Benefit plan — Objections to assessments — Failure of owner to file objections does not bar right to enjoin assessments, when.*

The owner of property assessed for a street improvement under the benefit plan, who has failed to file objections to the proposed assessment under the provisions of Section 3848, General Code, is not barred from enjoining the collection of such assessment by an action brought under the provisions of Section 12075, General Code, where the ground of such injunction is that no benefits whatever have been conferred, by reason of such improvement, upon the lands so assessed.

(Decided February 7, 1916.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Edward A. Hafner* and *Mr. Walter C. Muhlhauser,* for plaintiffs.

*Mr. Chas. A. Groom,* city solicitor, and *Mr. F. K. Bowman,* assistant city solicitor, for defendants.

JONES, OLIVER B., J. In these cases plaintiffs seek to enjoin the collection of certain special assessments for the payment of a portion of the cost of the improvement of streets, levied upon

their abutting lots and lands in proportion to the benefits resulting from said improvements.

The assessments were levied on the benefit plan, being the method enumerated in clause 2 of Section 3812, General Code.

In each of the petitions plaintiffs allege that no special benefits resulted to their respective abutting properties by reason of said improvement, and that said assessments greatly exceed the special benefits, if any, accruing to each of said parcels of land from said improvement, which has conferred no benefits whatsoever upon the lands and lots abutting thereon, and that therefore said assessments are unreasonable and void.

By amended answer the city sets up as a second defense that prior to the making and levying of said assessment the council of said city appointed three disinterested freeholders of said city an estimating board to report to it an estimated assessment of the cost of said improvement on the lots and lands to be charged therewith, of which the lots described in the petition are a part, in the proportion as nearly as may be to the benefits resulting from said improvement to said several lots; that said board filed a report of such assessment with the clerk of the city; that a notice was published for three consecutive weeks in a newspaper of general circulation in said city; that such report was on file in the office of said clerk for inspection and examination by persons interested therein; that within two weeks subsequent to the last publication of said notice neither of the plaintiffs, nor any one on behalf of them, or either of

them, had filed objections to said assessment or to said report, in writing, with the clerk; that subsequent to two weeks after the last publication of said notice said council appointed three disinterested freeholders of said city to act as an equalizing board to equalize said assessment; that said board heard objections to said assessment and reported an equalized assessment; and that the council of said city confirmed by a concurrence of two-thirds the members thereof the report of said equalizing board and levied said assessment subsequent to the report of said equalizing board. And the city prays that the temporary injunction be dissolved and the petition dismissed.

A demurrer is filed by plaintiffs to the second defense of the answer. The question raised by the demurrer is whether the owner of property assessed for a street improvement under the benefit plan, who has failed to file objections to the proposed assessment under the provisions of Section 3848, General Code, is barred from enjoining the collection of such assessment by an action brought under the provisions of Section 12075, General Code, where the ground of such injunction is that no benefits whatever have been conferred, by reason of said improvement, upon the lands so assessed.

The method of levying an assessment upon the benefit plan is provided by Sections 3847 to 3852, inclusive, General Code. Section 3895 provides for the publication of notice. The council itself determines the amount of the cost of the improvement to be paid by the city (Section 3820, General

Code), and the part to be assessed upon the benefited lots (Section 3812, General Code).

Section 3847, General Code, is as follows:

"When it is determined to assess the whole or part of the cost of an improvement in proportion to the benefit which may result therefrom, as provided for herein, the council may appoint three disinterested freeholders of the corporation to report to it the estimated assessment of such costs on the lots and lands to be charged therewith, in proportion as nearly as may be, to the benefits which may result from the improvement to the several lots or parcels of land so assessed, a copy of which assessment shall be filed in the office of the clerk of the corporation for public inspection."

The function of the board of freeholders provided by this section is to apportion the part of the costs to be assessed among the several lots and lands, to be charged in proportion to their respective benefits resulting from the improvement. This does not necessarily require them to determine the actual benefit received by any particular lot,—only its relative benefit as compared with the benefits received by other lots to be assessed. The duty of this board is merely to properly distribute the amount to be assessed upon the several lots assessed. It has no power either to increase or to reduce the total amount so to be assessed. If no benefit whatever had been conferred by the improvement, or less than the amount to be assessed, it would have no power to so declare. It is merely an agency to prorate the assessment in proportion to the benefits as it views them, and to make due report.

If written objections are filed under Section
3848, General Code, council appoints an equalizing
board. Its duties are set out in Section 3850, General Code, as follows:

"On a day appointed by the council for that purpose, the equalization board, after taking an oath
before the proper officers, to honestly and impartially discharge their duties, shall hear and determine all objections to the assessment, and shall
equalize it, as they think proper, which equalized
assessment they shall report to the council, which
may confirm, or set it aside, and cause a new assessment to be made and appoint a new equalizing
board possessing the same qualifications, which
shall proceed in the manner above provided.
When the assessment is confirmed by the council
it shall be complete and final, and shall be recorded
in the office of the clerk of council."

It will be seen that this section provides for a
hearing and determination of all objections to the
assessment, and then for an equalization. The
amount to be assessed, however, is not to be
changed in the aggregate in the process of equalization—only the several amounts to be assessed,
changed as to the several lots. Like the board
which reported the original assessment, this equalization board has no power to determine that the
lots to be assessed have received no benefit or a
benefit less than the amount to be assessed.

This complete plan having been provided for full
hearing and equalization, it must be held that so
far as all questions of equalization between the
several lots are concerned the owners of property
are concluded, but not as to actual benefits. (*Cham-*

*berlain* v. *Cleveland,* 34 Ohio St., 551.) While Section 3850, General Code, provides that when confirmed by council the assessment shall be complete and final, the assessment by benefits is complete and final in the same sense that an assessment by tax value or by the foot front is final when the assessment ordinance has been duly passed.

As we have seen, there is no provision for a determination of absolute benefits to the several lots; nor is there any bar provided against any lot owner who fails to file objections similar to claims for damages under Section 3823, General Code.

The assessment is still subject to the limitations provided by law. Section 3850, General Code, does not in terms or by implication exempt the assessment from the direct limitations fixed in Section 3819, which, among other things, provides that it shall not exceed the special benefits conferred upon the property assessed.

The right given to a municipal corporation to levy an assessment upon abutting lands to pay the cost of a local public improvement is based upon the principle that such property has been specially benefited by that improvement beyond the benefits common to the public, and that in justice a portion of the cost, as the equivalent but not in excess of the special benefits thus conferred, should be borne by the owner of such benefited property. *Walsh* v. *Barron, Treas.,* 61 Ohio St., 15.

As stated above, the second defense of the answer makes no direct allegation that these assessments were in no instance in excess of the benefits conferred upon the property assessed, nor even

that such a finding had been made by either of the assessing boards, or by the council.

The demurrer must therefore be sustained.

*Demurrer to answer sustained.*

JONES, E. H., P. J., and GORMAN, J., concur.